**In re NATIONAL SERVICE LINES, INC., Debtor.**

**Bankruptcy No. 86–00193(2).**

**Motion No. V.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Sept. 22, 1987.

Randall F. Scherck, Clayton, Mo., for debtor.

Scott Greenberg, Clayton, Mo., for trustee.

Peter D. Kerth, Clayton, Mo., for Cass Bank & Trust Co.

### MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

**INTRODUCTION**

National Service Lines, Inc. ("National") filed its voluntary Chapter 11 case in this District on January 27, 1986. On September 2, 1986, National's case was converted to Chapter 7. On February 17, 1987, Cass Bank and Trust Company ("Cass") filed its Application For Allowance Of Administrative Expense. On April 2, 1987, National's Trustee in bankruptcy filed his Objection to National's Application. On April 10, 1987, the Court held a hearing on the matter and granted the parties leave to file letter briefs. The Court now having reviewed the record and briefs of the parties makes the findings of fact and conclusions of law set forth below and this date overrules Trustee' Objection and grants National's Application.

**FINDINGS OF FACT**

1. At the request of National on September 9, 1985, Cass issued an irrevocable

standby letter of credit for the benefit of Comdata Network, Inc. of Nashville, Tennessee ("Comdata") in the amount of $20,000.00.

2. This letter of credit was issued to secure advances made by Comdata to National. The advances would be requested by National's employees engaged in over-the-road hauling for National and were used to pay for goods and services purchased by National through its employees.

3. On September 8, 1986, Comdata presented a draw on the irrevocable letter of credit to Cass. The amount of the draw was $19,184.19. This amount was paid by Cass to Comdata pursuant to Cass' obligations under the letter of credit. All of the advances that were paid by the draw represented credit extended by Comdata for National's purchase of goods and services after the filing of its Chapter 11 case.

4. The last date for filing claims in this case was previously fixed as April 27, 1987 and Comdata has filed no claim herein.

5. Any of the foregoing findings of fact deemed to be conclusions of law are hereby incorporated into the Conclusions of Law.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B), which the Court may hear and determine.

2. In support of its Application, Cass argues that it should be subrogated to the rights of Comdata. Comdata would have been entitled to an administrative expense priority claim had it not been paid by Cass, since the goods and services it provided to National were provided while National was in Chapter 11. Because Cass paid Comdata, Cass concludes that it should be granted an administrative expense priority claim to the extent of its payment to Comdata.

3. The Court agrees with Cass. A bank which pays a debtor's obligation pursuant to a letter of credit functions in substance like a guarantor or surety of the debtor's obligation. *In re Minnesota Kicks, Inc.*, 48 B.R. 93, 104–105 (Bankr.D. Minn.1985). A surety "is subrogated to the rights of the creditor whose claim it pays and ... the surety's right to reimbursement is of the same character as the creditor's claim." *In re Gibbs*, 11 B.R. 320, 322 (Bankr.W.D.Mo.1981). Because Comdata would have been entitled to an administrative expense priority claim had it not been paid by Cass, it follows that Cass is entitled to an administrative priority claim in this case.

4. The Trustee notes that Cass' claims, even if allowed, is payable only after expenses of administration incurred in the ongoing Chapter 7 case. 11 U.S.C. § 726(b). While the point is well taken, the Court does not take Cass' Application as implying otherwise.

5. Cass' Application will be granted and the Trustee's Objection will be overruled.

6. Any of the foregoing conclusions of law deemed to be findings of fact are hereby incorporated into the Findings of Fact.